Filed by            D.C.
ELECTRONIC

**AUGUST 27, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

CASE NO.: _____

PAULINE WRIGHT,

     Plaintiff,

vs.

HOME DEPOT U.S.A., INC.

     Defendant.

_____/

## 08-80945-CIV-HURLY/HOPKINS

### DEFENDANT'S NOTICE OF REMOVAL

The Defendant, HOME DEPOT U.S.A., INC., by and through its undersigned legal counsel and pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441, and 28 U.S.C. §1446, hereby gives Notice of Removal of this action from State Court, and in support thereof states:

1.    The Plaintiff, PAULINE WRIGHT, filed a personal injury negligence action in the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida (Case No.: 2008-CA-020923 (AO)) based upon an incident occurring on or about July 21, 2007, where the Plaintiff allegedly slipped and fell on a dirty puddle of water that was located on the floor at or near the check out registers on the Defendant's premises at 220 State Road 7, West Palm Beach, Palm Beach County, Florida 33414  (A copy of the Complaint is attached as Exhibit A).

2.    Pursuant to 28 U.S.C. §1446 and Local Rule 4.02, a copy of all process, pleadings, orders, and other papers or exhibits on file in the case are

attached as Composite Exhibit B and delineated as follows:  (a) Complaint; (b) Summons; (c) Plaintiff' Interrogatories to the Defendant; (d) Plaintiff's Request for Production; (e) Plaintiff's Request for Admissions; (f) Notice of Appearance – Defendant; (g) Answers and Affirmative Defenses – Defendant; (h) Interrogatories to Plaintiff – Defendant; (i) Collateral Source Interrogatories to Plaintiff – Defendant; (j) Request for Admissions – Defendant; (k) Request for Production – Defendant; and (l) Plaintiff's Motion to Strike Affirmative Defenses.

3.   The State Court action may be Removed to this Honorable Court based upon diversity jurisdiction in accordance with 28 U.S.C. § 1441 and 28 U.S.C. §1332.

4.   28 U.S.C. §1441(a) provides, in relevant part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district embracing the place where such action is pending.

5.   28 U.S.C. §1441(b) provides:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

6.   28 U.S.C. §1332 provides, in relevant part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between... (1) citizens of different States.

7.    Subsection (c) provides that:

For the purposes of this section and section 1441 of this title -- (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business …

## DIVERSITY OF CITIZENSHIP

8.    In the Complaint, the Plaintiff, Pauline Wright, fails to make any factual allegation as to her citizenship or residency.  (See Exhibit A).

9.    There are no additional allegations in the Plaintiff's Complaint as to citizenship of the Defendant, HOME DEPOT U.S.A., INC. or the location of its principal place of business other than the Plaintiff's assertion that the Defendant is "a Foreign Corporation, authorized to and doing business within the State of Florida."

10.    The Defendant, HOME DEPOT U.S.A., INC. is a Delaware Corporation.  The principal place of business of HOME DEPOT U.S.A., INC. is located at 2455 Paces Ferry Road, Atlanta, Cobb County, Georgia 30339.  (See Florida Department of State – Division of Corporations printout attached hereto as Exhibit C).

11.    Therefore, for purposes of diversity jurisdiction the Defendant could only be considered a citizen of either Delaware or Georgia, but not Florida.

12.    There are no allegations that the Plaintiff is a citizen of Delaware or Georgia.

13.     A search of the Palm Beach County Clerk records disclosed Plaintiff's Marriage License, filed with the Clerk on July 12, 2007, and indicating Plaintiff's spouse as Herbert James Parkin and her residence as Lake Worth, Palm Beach County, Florida.  (Attached hereto as Exhibit D).  The Palm Beach County Clerk records also indicates that the Plaintiff's Husband is the owner of the property located at 9066 Silver Glen Way, Lake Worth, Florida 33467, and that the property receives the Florida Homestead Exemption.  (See property search printout attached hereto as Exhibit E).

14.     All evidence available to the Defendant demonstrates that the Plaintiff, PAULINE WRIGHT, is a resident and citizen of the State of Florida.

15.     The allegations of diversity are not required to exist in the Complaint. This Court may consider other filings, in addition to the Plaintiff's Complaint.  Huchon v. Jankowski, 2007 WL 221421 (S.D. Fla. 2007, Case No.: 06-10094 CIV MOORE), citing Davis v. Cluet, Peabody & Co., 667 F.2d 1371 (11th Cir. 1982).

**AMOUNT IN CONTROVERSY**

16.     In her Complaint, the Plaintiff has generally pled, "[t]his is an action for damages which exceed the sum $15,000.00 exclusive of costs and interests." (Complaint at ¶1).  She has not pled any specific amount of damages sought.

17.     When a plaintiff files the case in state court, and fails to plead a specific amount of damages, the removing defendant must only prove by a preponderance of the evidence that amount in controversy exceeds the jurisdictional

requirements.  Williams v. Best Buy Co. Inc., 269 F.3d 1316 (11th Cir. 2001);

Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996).

18.     Based upon the factual allegations as phrased in the Complaint read in

conjunction with the Plaintiff's medical bills incurred, potential future treatment, and

settlement demand, the amount in controversy in this action clearly exceeds the

jurisdictional requirements of this Court.

19.     The Plaintiff's Complaint alleges, "[on] July 21, 2007, Plaintiff slipped

and fell on a dirty puddle of water that was located on the floor at or near the check

out registers at the subject store." (Complaint ¶5).

20.     The Plaintiff claims, "[a]s a direct, proximate and foreseeable result of

the negligence of the Defendant, the Plaintiff, PULINE WRIGHT, suffered bodily

injury and resulting pain and suffering, disability, disfigurement, impairment of

working ability, mental anguish, loss of capacity for the enjoyment of life, expense of

hospitalization, medical and nursing care and treatment, loss of earnings, loss of the

ability to earn money in the future, aggravation of a previously existing condition, and

Plaintiff incurred medical expenses in the care and treatment of said injuries."

(Complaint at ¶9).  The Plaintiff further claims, "[t]he losses are either permanent or

continuing in nature and Plaintiff, PAULINE WRIGHT, will continue to suffer such

losses in the future." (Complaint at ¶9).

21.     On or about April 9, 2008, the Plaintiff furnished the Defendant with a

written demand package setting forth various facts of the case and demanding Two

Hundred - Fifty Thousand Dollars ($250,000.00) to settle the matter. (A copy is attached as Exhibit F).

22.     Although not dispositive, pre-suit settlement offers can be considered in establishing that the jurisdictional threshold has been met. Burns v. Windsor Ins. Co., 31 F.3d at 1097, (11th Cir. 1994), cited in Morock v. Chautauqua Airlines, Inc., 2007 WL 1725232 (M.D. Fla. 2007, Case No. 8:07-CV-00210-T17MAP).

23.     Defendants may use a variety of documents, including a written settlement demand, as an "other paper" under 28 U.S.C. §1446(b) to determine if the case is removable. Essenson v. Coale, 848 F.Supp. 987 (M.D. Fla. 1994), cited in Martin v. Mentor Corporation, 142 F. Supp. 2d 1346 (M.D. Fla. 2001).

24.     Within the demand package, the following was represented:

**"Ms. Wright sustained multiple bodily injuries as a result of the negligence occurred (*sic*) on your insured's premises. "**

**"Based on examination and diagnostic findings, Dr. Jack Cacic placed Pauline Wright at Maximum Medical Improvement on 9/18/2008, with a Permanent Impairment of 10% Whole Person, utilizing the Guides to Impairment, 4th Edition, AMA Guides."**

**"On July 23, 2007, Pauline Wright went to Dr. Jack Cacic and was complaining of the following ailments: lower back pain, right knee and right ankle pain."**

**"Dr. Cacic noted in the final report on Pauline Wright's future medical treatment: the patient may suffer exacerbations of pain in the future and will require additional therapy."**

**"The estimated coast (*sic*) of the future treatments would include a follow up care over the course of one year, including twelve treatment visits at a cost of $3,250.00, re-examination at six month intervals at a cost of $400.00. If the patient's condition shows a frequent exacerbation of symptoms then additional diagnostic testing such as x-ray or MRI study would be warranted at a cost of $500.00-$1500.00.**

**"Dr. Katzell noted in his final report on Pauline Wright's future medical treatment: Ms. Wright has an indication for the discogram, <u>at projected cost of $7,500 and potential discectomy at projected costs of $30,000</u>."**

**"Ms. Wright is unable to go up and down the stairs, she can't walk for a long time and she is suffering pain and discomfort on a daily basis."**

25.     In said demand package, the Plaintiff represents having "Medical Specials" of $16,214.00.  The Plaintiff also represents having sustained out of pocket expenses in the form of transportation costs and household help in the amount of $5,325.00.  Plaintiff has provided receipts as well as medical records from, among others, Dr. Katzell and Dr. Cacic, which purport to substantiate the damages set forth in the demand package.  Plaintiff offers to resolve the matter for Two Hundred – Fifty Thousand Dollars ($250,000).

26.     To establish jurisdiction, a removing defendant may rely upon the factual representations of plaintiff.  <u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1309 (11th Cir. 2002).

27.     The Court may look at the amount of the Plaintiff's medical bills incurred in determining whether the case meets the jurisdictional requirements.  See <u>Wilson v. Time Insurance Company</u>, 2006 WL 2092259 (M.D. Fla. 2006; Case No: 2:06-CV-147-FTM-99SPC).

28.     In addition to the aforementioned evidence showing (a) at least $21,539.00 in past economic damages, (b) recommendation for significant future surgery, estimated by the Plaintiff to cost $37,500, (c) recommendation for future therapy, estimated by the Plaintiff to equal at least $4,150, and (d) the extensive physical disabilities of the Plaintiff; the Plaintiff has also set forth claims for, future

loss of earning capacity, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life.

29.   This information, coupled with a demand of $250,000, can only lead to the conclusion that the amount in controversy in this matter clearly exceeds $75,000.

WHEREFORE, for all the foregoing reasons, the Defendant, HOME DEPOT U.S.A., INC., hereby requests this Honorable Court to accept jurisdiction over this matter via Removal from State Court as meeting the requirements for diversity jurisdiction, and for such other relief as deemed just and proper.

Dated:  August 27th, 2008.

Respectfully submitted,

CHRISTOPHER S. STRATTON, ESQ.
Florida Bar No.:  0584401
cstratton@hightowerlaw.net
DALE R. HIGHTOWER, ESQ.
Florida Bar No.:  372102
dale@hightowerlaw.net
HIGHTOWER & PARTNERS
330 Clematis Street, Suite 201
West Palm Beach, Florida 33401
Telephone:   (561) 833-2022
Facsimile:   (561) 833-2140
Attorneys for Defendant Home Depot

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. mail on this 27th day of August, 2008 on all counsel or parties of record on the attached service list.

CHRISTOPHER S. STRATTON, ESQ.
Florida Bar No.: 0584401
cstratton@hightowerlaw.net
DALE R. HIGHTOWER, ESQ.
Florida Bar No.: 372102
dale@hightowerlaw.net
HIGHTOWER & PARTNERS
330 Clematis Street, Suite 201
West Palm Beach, Florida 33401
Telephone:   (561) 833-2022
Facsimile:   (561) 833-2140
Attorneys for Defendant Home Depot

## SERVICE LIST

CARLOS A. BODDEN, ESQ.
ELLIS, GED AND BODDEN, P.A
7171 North Federal Highway
Boca Raton, Florida 33487
Telephone: (561) 995-1966
Facsimile: (561) 241-0812
Counsel for Plaintiff Pauline Wright
Via U.S. Mail

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

PAULINE WRIGHT,

     Plaintiff,

                                      CASE NO.: 50 2008 CA 0 2 0 9 2 3 XXXX MB

vs.

HOME DEPOT USA, INC.,
a Foreign Corporation,

     Defendant.                /

COPY
RECEIVED FOR FILING
JUL 1 5 2008
SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

**COMPLAINT**

     The Plaintiff, PAULINE WRIGHT, sues the Defendant, HOME DEPOT USA, INC.,

a Foreign Corporation, and alleges as follows:

     1.     This is an action for damages which exceed the sum of Fifteen Thousand

Dollars ($15,000.00), exclusive of costs and interest.

     2.     At all times material hereto, the Defendant, HOME DEPOT USA, INC.,

(hereinafter referred to as "HOME DEPOT") was a Foreign Corporation, authorized to and

doing business within the State of Florida, and more specifically in West Palm Beach, Palm

Beach County, Florida.

     3.     At all times material hereto, Defendant owed a duty to the Plaintiff, PAULINE

WRIGHT, and other members of the general public similarly situated to keep its property

and premises in a reasonably safe condition and to protect Plaintiff from dangers which the

business or its employees was or should have been aware.

EXHIBIT "A"



4.     On July 21, 2007, the Plaintiff, PAULINE WRIGHT, was an invitee of the Defendant, at Defendant's premises located at 220 State Road 7, West Palm Beach, Palm Beach County, Florida 33414.

5.     On July 21, 2007, Plaintiff slipped and fell on a dirty puddle of water that was located on the floor at or near the check out registers at the subject store.

6.     At all times material hereto, the Defendant failed to conform to the above-mentioned duties in one or more, but not limited to, the following respects:

      a.     The Defendant negligently maintained its store premises by allowing water to remain on the floor at or near the check out registers, so that it caused Plaintiff to fall as she walked across the subject area;

      b.     The Defendant negligently failed to inspect its premises to make sure its floors were clear of water that accumulated on the floor for a long enough period of time so that the water was allowed to become dirty;

      c.     The Defendant negligently failed to warn the Plaintiff of the hazardous condition;

      d.     The Defendant either created the dangerous condition by its failing to place warning signs or floor rugs, or permitted said dangerous condition to exist - which it knew or should have known about; and

      e.     The Defendant failed to exercise reasonable care under all of the relevant surrounding circumstances.

7.     As a direct and proximate result of the aforementioned negligence, the Plaintiff, PAULINE WRIGHT, was slipped and fell on the subject puddle of water and sustained injuries.

-2-

8.    The hazardous condition created by the water on the floor in the shopping area was known to the Defendant, and its agents and employees OR had existed for a sufficient length of time so that the Defendant should have known about it.

9.    As a direct, proximate and foreseeable result of the negligence of the Defendant, the Plaintiff, PAULINE WRIGHT,  suffered bodily injury and resulting pain and suffering, disability, disfigurement, impairment of working ability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money in the future, aggravation of a previously existing condition, and Plaintiff has incurred medical expenses in the care and treatment of said injuries.   The losses are either permanent or continuing in nature and Plaintiff, PAULINE WRIGHT, will continue to suffer such losses in the future.

**WHEREFORE**, the Plaintiff, PAULINE WRIGHT, demands judgment for compensatory damages, costs and interest against the Defendant, HOME DEPOT, Plaintiff further demands trial by jury on all issues so triable.

ELLIS, GED & BODDEN, P.A.
*Attorneys for the Plaintiff*
7171 North Federal Highway
Boca Raton, Florida 33487
Telephone: (561) 995-1966
Facsimile: (561) 241-0812

By: _____
CARLOS A. BODDEN, ESQ.
Florida Bar No.: 093343

-3-

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

PAULINE WRIGHT,

    Plaintiff,

        CASE NO. **50 2008 CA 0 2 0 9 2 3 XXXX MB**

vs.

HOME DEPOT USA, INC.,
a Foreign Corporation,

    Defendant.        /

COPY
RECEIVED FOR FILING
JUL 1 5 2008
SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

## COMPLAINT

The Plaintiff, PAULINE WRIGHT, sues the Defendant, HOME DEPOT USA, INC.,

a Foreign Corporation, and alleges as follows:

    1.    This is an action for damages which exceed the sum of Fifteen Thousand

Dollars ($15,000.00), exclusive of costs and interest.

    2.    At all times material hereto, the Defendant, HOME DEPOT USA, INC.,

(hereinafter referred to as "HOME DEPOT") was a Foreign Corporation, authorized to and

doing business within the State of Florida, and more specifically in West Palm Beach, Palm

Beach County, Florida.

    3.    At all times material hereto, Defendant owed a duty to the Plaintiff, PAULINE

WRIGHT, and other members of the general public similarly situated to keep its property

and premises in a reasonably safe condition and to protect Plaintiff from dangers which the

business or its employees was or should have been aware.

-1-

EXHIBIT "B"



4.     On July 21, 2007, the Plaintiff, PAULINE WRIGHT, was an invitee of the Defendant, at Defendant's premises located at 220 State Road 7, West Palm Beach, Palm Beach County, Florida 33414.

5.     On July 21, 2007, Plaintiff slipped and fell on a dirty puddle of water that was located on the floor at or near the check out registers at the subject store.

6.     At all times material hereto, the Defendant failed to conform to the above-mentioned duties in one or more, but not limited to, the following respects:

a.     The Defendant negligently maintained its store premises by allowing water to remain on the floor at or near the check out registers, so that it caused Plaintiff to fall as she walked across the subject area;

b.     The Defendant negligently failed to inspect its premises to make sure its floors were clear of water that accumulated on the floor for a long enough period of time so that the water was allowed to become dirty;

c.     The Defendant negligently failed to warn the Plaintiff of the hazardous condition;

d.     The Defendant either created the dangerous condition by its failing to place warning signs or floor rugs, or permitted said dangerous condition to exist - which it knew or should have known about; and

e.     The Defendant failed to exercise reasonable care under all of the relevant surrounding circumstances.

7.     As a direct and proximate result of the aforementioned negligence, the Plaintiff, PAULINE WRIGHT, was slipped and fell on the subject puddle of water and sustained injuries.

-2-

8.    The hazardous condition created by the water on the floor in the shopping area was known to the Defendant, and its agents and employees OR had existed for a sufficient length of time so that the Defendant should have known about it.

9.    As a direct, proximate and foreseeable result of the negligence of the Defendant, the Plaintiff, PAULINE WRIGHT, suffered bodily injury and resulting pain and suffering, disability, disfigurement, impairment of working ability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money in the future, aggravation of a previously existing condition, and Plaintiff has incurred medical expenses in the care and treatment of said injuries.    The losses are either permanent or continuing in nature and Plaintiff, PAULINE WRIGHT, will continue to suffer such losses in the future.

**WHEREFORE,** the Plaintiff, PAULINE WRIGHT, demands judgment for compensatory damages, costs and interest against the Defendant, HOME DEPOT, Plaintiff further demands trial by jury on all issues so triable.

> ELLIS, GED & BODDEN, P.A.
> *Attorneys for the Plaintiff*
> 7171 North Federal Highway
> Boca Raton, Florida 33487
> Telephone: (561) 995-1966
> Facsimile: (561) 241-0812
>
> By: _____
>         CARLOS A. BODDEN, ESQ.
>         Florida Bar No.: 093343

-3-

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

PAULINE WRIGHT,

     Plaintiff,

vs.

HOME DEPOT USA, INC.,
a Foreign Corporation,

     Defendant.

_____/

CASE NO.:
## 50 2008 CA 0 2 0 9 2 3 XXXX MB

Date 7-28-08  Served  Time 1010 AM
MICHAEL C. NOLAN, NO. 111

is a certified process server
in the Circuit and County Courts
in and for the Second Judicial Circuit

**SUMMONS**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

     YOU ARE COMMANDED to serve this summons and a copy of the Complaint in this action on defendant,

          HOME DEPOT U.S.A., INC.

by serving its Registered Agent:

          Corporation Service Company
          1201 Hays Street
          Tallahassee, FL 32301-2525

     Each defendant is required to serve written defenses to the complaint or petition on plaintiffs or their attorney, whose name and address is **CARLOS A. BODDEN, ESQUIRE, ELLIS, GED & BODDEN, P.A., 7171 North Federal Highway, Boca Raton, Florida 33487 (561) 995-1966** within 20 days after service of this summons on the defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter.  If defendant fails to do so, a default will be entered against defendant for the relief demanded in the complaint or petition.

     WITNESS my hand and Seal of said Court this _____ day of JUL 15 2008, 2008.

                  Clerk of the Court NIKECIA ARMSTRONG

(COURT SEAL)   SHARON R. BOCK
           Clerk & Comptroller  BY _____
           P.O. Box 4667
           West Palm Beach, Florida  Deputy Clerk
           33402-4667

(1)

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

PAULINE WRIGHT,

     Plaintiff,

CASE NO.: 50 2008 CA 02 0923 XXXX MB

vs.

HOME DEPOT USA, INC.,
a Foreign Corporation,

     Defendant. _____ /

COPY
RECEIVED FOR FILING

JUL 15 2008

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

CLERK & COMPTROLLER
CLERK & CIVIL DIVISION

The Plaintiff, PAULINE WRIGHT, by and through her undersigned attorneys,

propounds the attached Eleven (11) Interrogatories to the Defendant, HOME DEPOT USA,

INC., to be answered under oath in accordance with Florida Rule of Civil Procedure 1.340.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished to Defendant with the complaint and the summons.

ELLIS, GED & BODDEN, P.A.
Attorneys for the Plaintiff
7171 North Federal Highway
Boca Raton, Florida 33487
Telephone:  (561) 995-1966
Facsimile:   (561) 241-0812

CARLOS A. BODDEN
FBN: 093343

## PREMISE LIABILITY INTERROGATORIES

1.   What is your name, address and, if you are answering for someone else, please state your official position.

2.   Describe in detail, each act or omission on the part of the Plaintiff, you contend constituted negligence that was a contributing legal cause of the fall incident in question.

3.   List the names and addresses of all persons believed or known by you, your agents or attorneys to have knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which the witness has knowledge.

4.   List the name, resident address, business address and telephone numbers of each person believed or known by you, your agents, or attorneys to have heard or who purported to have heard the Plaintiff make any statement, remark or comment concerning the fall incident described in the Complaint, and the substance.

5.   Identify the name and address of all persons, partnerships, corporation, or other business entities, who owned the premises where the subject incident occurred.

6. Please identify the name and address of the individual, company, corporation, partnership or other business entity which had the responsibility to maintain the premises where the subject incident occurred.

7. Please state whether there have been similar incidents where individuals have been injured by slipping and falling on water on the floor of the subject store within the three (3) year period preceding the incident, and during the period of time subsequent to the incident up until the present date.

8. If any such similar incidents as listed in number 7 has occurred, please identify for each such incident the following:

   a) Names and addresses of individuals who have suffered such injuries;

   b) The date of such incident;

   c) Whether or not a claim for injuries was brought against you or any other entity;

   d) The names and addresses of attorneys who represented individuals who brought personal injury claims arising from such incidents;

   e) In addition to identifying any and all claims for personal injuries made, please identify which, if any of those claims resulted in a lawsuit. For such claims, please provide the name and/or full style of the lawsuit (i.e. case number and the Court, i.e., Palm Beach Circuit, Palm Beach County, etc.)

9.    Please state whether an accident and/or incident report was prepared relative to the subject incident. If so, please identify the name and address of the individual who prepared and authored the report.

10.   Did you have liability insurance coverage that protects you and/or the Plaintiff from the damages sought by the Complaint? If so:

      a)    What is the name of the insurance company providing the coverage?

      b)    What is the extent of coverage provided in the policy or policies of insurance, including coverage for both personal injury and property damage?

      c)    What is the policy number of each?

11.   Do you intend to call any non-medical expert witnesses at the trial of this case? If so, please identify each witness; describe his/her qualifications as an expert; state the subject matter upon which he/she is expected to testify; state the substance of the facts and opinions to which he/she is expected to testify; and give a summary of the grounds for each opinion.

_____

_____

Printed name of representative

STATE OF          )
                        ) ss
COUNTY OF      )

On   this   day   personally   appeared   before   me   _____

_____, who after being duly sworn under oath, avers

and says that he/she has read the above and foregoing Answers to Interrogatories and that

they are true and correct to the best of his/her personal knowledge.

Sworn to and subscribed before me this_____day of _____, 2008.

_____
NOTARY PUBLIC, State of Florida At Large

My Commission Expires:

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

PAULINE WRIGHT,

     Plaintiff,

CASE NO. 50 2008 CA 0 2 0 9 2 3 XXXX M

vs.

HOME DEPOT USA, INC.,
a Foreign Corporation,

COPY
RECEIVED FOR FILING

JUL 1 5 2008

     Defendant.          /

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

## PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff, PAULINE WRIGHT, by and through her undersigned counsel and pursuant

to the applicable Florida Rules of Civil Procedure, hereby requests that Defendant, HOME

DEPOT USA, INC., file a written response within forty-five (45) days and to produce and

permit the Plaintiff to inspect and copy at the offices of Plaintiff's counsel the following:

### DEFINITIONS

As used in this Request:

(1)    The term "document" is intended to be comprehensive and to include, without

limitation, all original writings of any nature whatsoever, copies and drafts which, by reason

of notes, changes, initials, or identification marks are not identical to the original, and all

non-identical original copies thereof.  In all cases where original or non-original copies are

not available, "document" also means identical copies of original documents and copies

of non-identical copies.

The term "document" includes, but is not limited to, correspondence, memoranda,

contracts, leases, agreements, invoices, credit memoranda, credit files, records, data

sheets, electronic mail, purchase orders, tabulations, reports, bills of lading, evaluations,

work papers, summaries, opinions, journals, statistical records, sales reports, financial reports, checks, notes, transcriptions, telegrams, teletypes, telex messages, telefaxes, recordings of telephone calls, and other communications, including but not limited to notes, notations, memoranda, and other writings of or relating to telephone conversations and conferences, minutes and notes of transcriptions of all meetings and other communications of any type, microfiche, microfilms, tapes or other records, logs and any other information which is stored or carried electronically, by means of computer equipment or otherwise, and which can be retrieved in printed, graphic, or audio form.

(2)     The term "relating to" includes referring to, embodying, in connection with, commenting on, corresponding to, sharing, describing, concerning, analyzing, reflecting, or constituting.

(3)     Terms in the plural include the singular and terms in the singular include the plural.

(4)     A request that the party produce documents in the party's possession means that the party must produce all documents in possession of the party, and all documents belonging to the party in the possession of the party's agents, employees, representatives or attorneys..

(5)     The terms "you" or "your" refer to your agents, employees, representatives and attorneys.

(6)     The term "person" includes a corporation, partnership, other business association or entity, a natural person, and any government or governmental body, commission, board or agency.

(7)     The term "communication" or "communications" means the act or fact of

communicating; whether by correspondence, telephone, facsimile, electronic mail, meeting or any occasion of joint or mutual presence, as well as the transfer of any document from one person to another.

## INSTRUCTIONS

1.     With regard to the Plaintiff's Request to Produce herein, for each separate item on the Request to Produce which you are withholding production claiming any privilege (work product/attorney-client/etc.), please state with respect to each such document the following:

a)     The type of document involved and its general subject matter without disclosing its contents;

b)     The names, business addresses, residence addresses, telephone numbers, positions and occupations of all persons who prepared each document and provide the same information for each person to whom any document was directed;

c)     The number of pages of the document;

d)     The date of the document;

e)     The privilege upon which Defendant relies in withholding the documents;

f)     All facts upon which Defendant relies in support of the claim of privilege.

2.     If any document described in this request was but no longer is in your possession or subject to your custody or control, or in existence, please state whether it is missing or lost; whether it has been destroyed; whether it has been transferred, voluntarily or involuntarily, to others; or whether it has been disposed of otherwise. In each instance explain the circumstances surrounding such disposition and identify the person directing or authorizing same, and the date thereof. Identify each such document by listing its author, the author's address, type of document (e.g., letter, memorandum, telegram,

chart, or photograph), date, subject matter, present location and custodian, and state

whether the document (or copies) are still in existence.

## DOCUMENTS TO BE PRODUCED

1. All statements of any party to this lawsuit pertaining to any of the issues in this lawsuit.

2. Any and all statements of any witnesses with regard to any fact relevant to any fact in this case, including any statement taken prior to the filing of suit in this matter.

3. Any and all statements of any witnesses which you intend to use at trial for impeachment.

4. Laser color copies (or duplicate photographs) of any and all photographs of the scene of the incident.

5. Laser color copies (or duplicate photographs) of any and all photographs, blow-ups, recordings, charts, graphs, sketches and any other tangible items or documentary evidence taken at the scene of the accident described in the Complaint which does or might reveal marks, damage or conditions which no longer exist at the said scene.

6. Any and all surveillance films or laser color copies (or duplicate photographs) of photographs taken by you or anyone on your behalf of the Plaintiff; including but not limited to store surveillance which recorded the within incident.

7. Any and all surveillance reports, claims history reports or other investigative reports prepared by you or on your behalf with regard to the Plaintiff.

8. All photographs, blow-ups, recordings, charts, graphs, sketches and any other tangible items or documentary evidence which you intend to introduce into evidence at trial and which have not been produced in response to any of the preceding paragraphs.

9. All incident reports filed by you for any purpose.

10. Any and all policies of liability insurance providing liability coverage to the Defendant for claims arising out of the incident described in the Complaint, or, copies of any and all policies of insurance which allegedly provide liability insurance coverage to the Defendant for the incident described in the Complaint.

11. Any and all policies of insurance of any kind or nature which would provide benefits to the Plaintiff by reason of incidents described in the Complaint.

12. Any property in the possession of the Defendant on the date of the incident described in the Complaint which was involved in the incident described in the Complaint and which property contains marks or damage as a result of the incident described in the Complaint, or if such property no longer contains such marks or damage in the same condition as it did on the date of the incident described in the Complaint subsequent to said incident, then produce for examination copies of any and all photographs showing such marks or damage.

13. Copies of any and all forms, correspondence or reports received by you or any of your agents on your behalf concerning the Plaintiff's medical condition from anyone.

14. All correspondence, forms, notations, memoranda or information transmitted by you in any form whatsoever to any physician's office or health care provider's office concerning the Plaintiff's physical and/or mental condition.

15. A complete copy of each and every exhibit which you intend to introduce into evidence at trial.

16. All reports prepared by experts for which you intend to introduce into evidence at trial.

17. Copies of any written, documentary, recorded, radiographic, or photographic evidence (whether direct evidence, rebuttal, or impeachment) that you intend to use at trial that has not been produced pursuant to the preceding paragraphs.

18. Any surveillance video, film or photo depicting the subject incident the described in the complaint.

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished with the initial service of process.

ELLIS, GED & BODDEN, P.A.
Attorneys for the Plaintiff
7171 North Federal Highway
Boca Raton, Florida 33487
Telephone: (561) 995-1966

By: _____
CARLOS A. BODDEN
FBN: 093343

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

PAULINE WRIGHT,

      Plaintiff,

vs.

HOME DEPOT USA, INC.,
a foreign corporation,

      Defendant.

CASE NO.: **50** 2008 CA 0 2 0 9 2 3 **XXXX MB**

COPY
RECEIVED FOR FILING

JUL 1 5 2008

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

## PLAINTIFF'S INITIAL REQUEST FOR ADMISSIONS TO DEFENDANT, HOME DEPOT USA, INC.

**YOU ARE HEREBY NOTIFIED** that you are requested to admit the truth of the matters of fact hereinafter set forth within forty-five (45) days after service hereby. The matters requested to be admitted are attached hereto and by reference made a part hereof. Pursuant to Rule of Civil Procedure 1.370, you may not give lack of information or knowledge as a reason for failure to admit or deny unless you state you have made reasonable inquiry and that the information known or readily obtained by you is insufficient to enable you to admit or deny. A party who considers that matter of which an admission has been requested presents a genuine issue for trial and may not object to the request on that ground alone.

**THIS PLAINTIFF'S REQUEST FOR ADMISSIONS** is being sent to you via service of process and compliance herewith must be made within forty-five (45) days of this date under the applicable rules of procedure.

Plaintiff, by and through her undersigned counsel, hereby requests that Defendant, HOME DEPOT USA, INC., admit or deny the following statements:

1.   On July 21, 2007, PAULINE WRIGHT was a customer at the Home Depot store located at 220 State Road 7, West Palm Beach, Palm Beach County, Florida 33414.

2.   On July 21, 2007, PAULINE WRIGHT was a business invitee at the aforementioned Home Depot store.

3.   On July 21, 2007, Defendant's store had water on the floor at or near the check out registers in areas which were allowed to be traversed by PAULINE WRIGHT and other customers.

4.   On July 21, 2007, Defendant and its employees allowed water to remain on the floor at or near the check out registers, resulting in injury to the Plaintiff at the aforementioned store.

5.   Defendant and its employees knew on July 21, 2007, that there was water on the floor at or near the check out registers that could cause customers to fall.

6.   Defendant and its employees knew that on July 21, 2007, water on the floor constituted a dangerous condition in said premises which could cause injury to its customers.

7.   Defendant and/or its employees negligently failed to maintain its premises in a safe and secure manner for its invitees to traverse through the walkways/aisles of the store.

8.   At the time and place of the incident alleged in this suit, PAULINE WRIGHT sustained pain and suffering.

9.   As a result of the incident alleged in this suit, PAULINE WRIGHT, will sustain pain and suffering in the future.

10.   At the time and place of the incident alleged in this suit, PAULINE WRIGHT

sustained disability and physical impairment.

11.     As a result of the incident alleged in this suit, PAULINE WRIGHT will sustain
disability and physical impairment in the future.

12.     At the time and place of the incident alleged in this suit, PAULINE WRIGHT
sustained mental anguish.

13.     As a result of the incident alleged in this suit, PAULINE WRIGHT will sustain
mental anguish in the future.

14.     At the time and place of the incident alleged in this suit, PAULINE WRIGHT
sustained inconvenience.

15.     As a result of the incident alleged in this suit, PAULINE WRIGHT will sustain
inconvenience in the future.

16.     At the time and place of the incident alleged in this suit, PAULINE WRIGHT
sustained a loss of capacity for enjoyment of life.

17.     As a result of the incident alleged in this suit, PAULINE WRIGHT will sustain
a loss of capacity for enjoyment of life in the future.

18.     As a result of the incident alleged in the suit, PAULINE WRIGHT has incurred
expenses for medical care and treatment.

19.     As a result of the incident alleged in the suit, PAULINE WRIGHT will incur
expenses for medical care and treatment in the future.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished

with initial service of process on the Defendant named herein.

ELLIS, GED & BODDEN, P.A.
Attorneys for the Plaintiff
7171 North Federal Highway
Boca Raton, Florida   33487
Telephone: (561) 995-1966
Facsimile: (561) 241-0812

By: _____
     CARLOS A. BODDEN
     FBN: 093343

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN
AND FOR PALM BEACH COUNTY,
FLORIDA

CASE NO.:  2008-CA-020923(AO)

PAULINE WRIGHT,

      Plaintiff,

vs.

HOME DEPOT U.S.A., INC.

      Defendant.

_____/

### NOTICE OF APPEARANCE

    The undersigned law firm of HIGHTOWER & PARTNERS hereby gives its Notice of Appearance as counsel for Defendant, HOME DEPOT U.S.A., INC., and requests that all Court filings and communications be furnished to undersigned counsel listed below.

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail to:  Carlos A. Bodden, Esquire, ELLIS, GED & BODDEN, P.A., 7171 North Federal Highway, Boca Raton, FL 33487 on this ____ day of August, 2008.

HIGHTOWER & PARTNERS
330 Clematis Street, Suite 201
West Palm Beach, Florida 33401
(561) 833-2022 telephone
(561) 833-2140 facsimile

By:_____
CHRISTOPHER S. STRATTON, ESQ.
Florida Bar No.: 0584401

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 2008-CA-020923 (AO)

PAULINE WRIGHT,

    Plaintiff,

vs.

HOME DEPOT U.S.A., INC.

    Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, HOME DEPOT U.S.A., INC., by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's, PAULINE WRIGHT, Complaint as follows:

1.    Without knowledge.

2.    Admitted.

3.    This allegation makes a legal conclusion, and therefore no response is required. It is denied to the extent that any liability is suggested on the part of the Defendant.

4.    Admitted.

5.    Denied.

6.    Denied.

7.    Denied.

8.    Denied.

9.    Denied.

## AFFIRMATIVE DEFENSES

### Comparative Negligence / Assumption of Risk / Open & Obvious Condition

The Defendant submits as its First Affirmative Defense that the negligence of the Plaintiff caused and/or contributed to the injuries allegedly sustained by the Plaintiff and therefore, any award rendered to the Plaintiff should be reduced by the amount of her negligence or the Plaintiff should not be entitled to recover at all. The Plaintiff assumed the risk of injury to herself in as much as the condition that is alleged in the Plaintiff's Complaint was such that it was known and it was open and obvious to the Plaintiff. The Plaintiff was warned, knew of the existence of the danger complained of in the Complaint, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed herself to the danger.

### Collateral Source

The Defendant submits as its Second Affirmative Defense that the Plaintiff is not entitled to recover as damages in this case, any amount which represents payment of any medical expense or lost wages paid or payable from any collateral source in which the Defendant is entitled to a setoff.

### Medical Comparative Negligence / Failure to Mitigate

The Defendant submits as its Third Affirmative Defense that the Plaintiff was herself guilty of negligence which proximately caused or proximately contributed to any injuries or damages she may have sustained in that she failed to follow the doctor's orders and instructions and therefore any award to which she may be entitled should be reduced accordingly, pursuant to the doctrines of comparative negligence and failure to mitigate damages.

## Unreasonable Medical Bills

The Defendant submits as its Fourth Affirmative Defense that the Plaintiff's claim for incidental medical bills incurred as a result of the alleged injuries are exaggerated, unnecessary and unreasonable.

## Unreasonable Lost Wage Claim

The Defendant submits as its Fifth Affirmative Defense that the Plaintiff's claims for past lost wages and loss of future earning capacity are exaggerated and unreasonable.

## No Legal Cause of Action

The Defendant submits as its Sixth Affirmative Defense that the Plaintiff fails to state a legal claim upon which relief can be granted.

## Inapplicability of Section 768.0710, Florida Statutes

The Defendant submits as its Seventh Affirmative Defense that Section 768.0710, Florida Statutes, is inapplicable to this claim and precludes the Plaintiff from prevailing.

## Intervening Act

The Defendant submits as its Eighth Affirmative Defense that the Plaintiff's alleged injuries were caused wholly by an independent intervening act of which the Defendant had no control and which was not reasonably foreseeable.

## Act of God

The Defendant submits as its Ninth Affirmative Defense that the Plaintiff's alleged injuries were caused by an unforeseeable and unprecedented weather/rain event of which the Defendant had no control.

## DEMAND FOR JURY TRIAL

The Defendant, HOME DEPOT U.S.A., INC., hereby demands a jury trial on all issues so triable as of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail to: Carlos A. Bodden, Esq., ELLIS, GED & BODDEN, P.A., 7171 North Federal Highway, Boca Raton, Florida 33487 on this 15th day of August, 2008.

HIGHTOWER & PARTNERS
330 Clematis Street, Suite 201
West Palm Beach, Florida 33401
(561) 833-2022 telephone
(561) 833-2140 facsimile

By: _____
CHRISTOPHER S. STRATTON, ESQ.
Florida Bar No.: 0584401

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 2008-CA-020923 (AO)

PAULINE WRIGHT,

    Plaintiff,

vs.

HOME DEPOT U.S.A., INC.

    Defendant.

_____/

## NOTICE OF SERVING INTERROGATORIES TO PLAINTIFF, PAULINE WRIGHT

Defendant, HOME DEPOT U.S.A., INC. hereby propounds the attached Interrogatories numbered 1 - 26 to Plaintiff, PAULINE WRIGHT, to be answered in writing, under oath within thirty (30) days pursuant to the applicable Florida Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail to: Carlos A. Bodden, Esq., ELLIS, GED & BODDEN, P.A., 7171 North Federal Highway, Boca Raton, Florida 33487 on this 25 day of August, 2008.

HIGHTOWER & PARTNERS
330 Clematis Street, Suite 201
West Palm Beach, FL 33401
(561) 833-2022- Telephone
(561) 833-2140 - Fax

By: _____
Christopher S. Stratton, Esq.
Florida Bar No:    584401

## INTERROGATORIES TO THE PLAINTIFF

### PERSONAL INFORMATION

1.    What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.    List all former names and when you were known by those names.  State all addresses where you have lived for the past 10 years, the dates you lived at each address, your Social Security number, your date of birth, your drivers license number, and the state of issue and, if you are or have ever been married, the name of your spouse or spouses.

3.    Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

## THE SUBJECT INCIDENT

4.   With respect to the incident, please describe how, when, and why the incident occurred, describing in detail what actions taken by you to avoid, prevent, or mitigate the occurrence of the incident.

5.   Please describe in detail any obstruction to the Plaintiff's view as the Plaintiff approached the scene of the alleged occurrence, including the type of object(s), the size of the objects(s), the location of the object(s), when was the first notice of the substance, and low long was it there.

6.   Please describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

7.   Please state approximately how long you stayed at the scene of the incident, how you left the incident scene, if applicable, the name, telephone number, address, and relationship of the people you left with, and your first destination after leaving the scene of the incident.



8.     Did you consume any alcoholic beverages, drugs, or other medications within (12) hours of the incident described in the Complaint?  If so, please describe the type and amount of alcoholic beverage, drugs, or medication you consumed, and where and when you consumed them, and the name and address of anyone witness to the consumption.

9.     Do you wear glasses, contact lenses, or hearing aids?  If so, who prescribed them, when were they prescribed, when were your eyes or ears last examined, and what is the name and address of the examiner?

10.    For any of the areas of your body which you say you have hurt as a result of the incident in this case, please state whether you have ever had any problems with any of the said areas (no matter how minor), or ever injured at any other time in your life.  If you answer is yes, please state which areas (being as precise as possible), when, what problems resulted (not limited to pain, but also including disability if applicable), and when said problem and problems ended (and if it did not up to the time of the incident here complained of, please so state).

11.   Were you suffering from any physical infirmity, disability, or sickness at the time of the incident described in the complaint?  If so, what was the nature of the infirmity, disability, or sickness, how long had you seen aware of it, what treatments had you received for it, who was the doctor prescribing treatment?

<u>INJURIES AND TREATMENT</u>

12.   Please describe all personal injuries you received in the incident.  (In answering this question, specify the part or parts of your head, neck, arms, legs, and body that were injured, and specify whether each part mentioned was broken, sprained, cut, bruised, or otherwise injured.)

13.   Describe fully and in your own words the injuries that have not healed and continue to cause you pain.

14.   Have the injuries from this incident affected your ability to live the life you were previously accustomed to, and if so, explain in detail how.

15.   Please name and give addresses to the hospitals, doctors, or other medical facilities which have treated you, as in-patient or out-patient, the dates you received treatment, and the nature of the treatment received as a result of this incident.

16.   Please list the names, addresses, and specialties of all treating doctors, the dates in which you were treated by them, and the nature of the treatment received by those doctors for the past ten years.

## INSURANCE AND EMPLOYMENT

17.   At the time of the incident, was there in existence any type or policy of
      insurance (including but not limited to PIP coverage, Collision, Worker's
      Compensation, Medicare/Medicaid, Private Hospitalization, Physician,
      Disability Loss of Income Policy, by or through which you are or were insured in
      any manner or to any extent, whether primary or excess coverage, which will or
      might insure to your benefit with respect to any of the claims, causes of action,
      injuries or damages alleged or claimed by you?  Please give the name, address,
      and policy number for each insurer.

18.   As to each medical expense incurred as a result of the incident, please list each
      bill, and specify as to each the amount paid compared to the amount
      remaining, and which of the aforementioned insurance policies conferred the
      benefits.

19.   Please list the name and address of all employers you have worked for the past
      ten years, including self-employment, with beginning and ending dates of each
      employment listed, your wages at beginning and end of each employment, the
      hours worked in a week for each employment, and why you left the
      employment.

20.   Do you contend that you have lost any income, benefits, or earning capacity for the past or future, as a result of the injury described in the complaint.  Please state the nature of the income, benefit, or earning capacity, how much you will lose in dollars, and method utilized to compute this figure.

## SUBSEQUENT AND PRIOR INCIDENTS

21.   If you have ever been involved in an incident of any kind <u>before</u> the incident in this lawsuit, please state where and when each incident occurred, the extent of your injuries if you were injured, the name and specialty of each doctor who treated your injuries, and if applicable, the hospital you were treated. (This refers to all kinds of incidents, be they vehicular, slip and fall, on the job or otherwise.)

22.   If you have ever been involved in an incident of any kind <u>after</u> the incident in this lawsuit, please state where and when each incident occurred, the extent of your injuries if you were injured, the name and specialty of each doctor who treated your injuries, and if applicable, the hospital you were treated.  (This refers to all kinds of incidents, be they vehicular, slip and fall, on the job or otherwise.)

## WITNESSES AND EVIDENCE

23.   Are you, your attorney, or agent aware of the identity of any person or persons who claim to possess knowledge of any fact relating in any manner whatsoever, or who have made any statement or remark, on behalf of any party to the lawsuit besides yourself, relating to the events or happenings that occurred at the accident scene. If so, please list the name, address, telephone number, and nature of the knowledge possessed by the listed individual.

24.   State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

25.   Have you retained or otherwise consulted with any person who has or claims to have the qualifications as an expert concerning any aspect of this litigation. If so, please list the name, address, telephone number, qualifications, nature of expertise of this person, the substance of the facts or opinions to which he is expected to testify, and give a summary of the grounds for each opinion.

26.  Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and   court      in which such suit was filed.

X_____

STATE OF FLORIDA          )
                          : ss
COUNTY OF                 )

The foregoing was acknowledged before me this ____ day of_____, 2008.

( )   who is personally known to me, or
( )   who has produced _____ as identification, and
      who ( ) did  ( ) did not take an oath.

_____
NOTARY PUBLIC, State of Florida

My Commission Expires:

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:  2008-CA-020923 (AO)

PAULINE WRIGHT,

     Plaintiff,

vs.

HOME DEPOT U.S.A., INC.

     Defendant.

_____/

## NOTICE OF SERVING COLLATERAL SOURCE INTERROGATORIES TO PLAINTIFF, PAULINE WRIGHT

Defendant, HOME DEPOT U.S.A., INC. hereby propounds the attached Collateral Source Interrogatories numbered 1 - 8 to Plaintiff, PAULINE WRIGHT, to be answered in writing, under oath within thirty (30) days pursuant to the applicable Florida Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail to:  Carlos A. Bodden, Esq., ELLIS, GED & BODDEN, P.A., 7171 North Federal Highway, Boca Raton, Florida 33487 on this  day of August, 2008.

HIGHTOWER & PARTNERS
330 Clematis Street, Suite 201
West Palm Beach, FL  33401
(561) 833-2022- Telephone
(561) 833-2140 - Fax

By: _____

Christopher S. Stratton, Esq.
Florida Bar No.:     584401

## Definitions:

As used in this document, the following terms shall have the following meanings:

"Document(s)" shall mean any kind of written, recorded, typed, or otherwise produced, reproduced or received graphic depiction of any kind including originals, amended copies, non-identical copies, drafts or other material, whether acquired before or after initiation of this litigation as well as any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy. The enumeration of various specific items as included within the definition of the word "documents" shall not be taken to limit the generality of this word, and the requests herein are directed and intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of this word.

"Or" shall mean and/or and shall be construed disjunctively or conjunctively, the singular shall be deemed to include the plural.

"And" shall mean and/or and shall be construed disjunctively or conjunctively, the singular shall be deemed to include the plural.

Words of one gender shall include the other gender, all as necessary to make the request inclusive rather than exclusive.

"Representative(s)" shall mean person(s) including but not limited to natural person, corporation, partnership, association, joint venture or other entity.

"Communication" means the act or fact of communicating, whether by correspondence, telephone, meeting or any occasion of joint or mutual presence, as well as the transfer of any document from one person to another.

"Concerning" means constituting, containing, evidencing, describing, referencing to or relating to.

Reference to Defendant, or persons or entities who or which are Defendant, means the particular Defendant or group of Defendant, the corporation, partnership, joint venture, or entity itself, any and all predecessors and successors, its officers, directors, partners, employees, agents or representatives, whether present or past, and all other persons acting or purporting to act on behalf of Defendant, or it's predecessors, including attorneys and agents.

"Person" means all entities, including without limitation, all individuals, associates, companies, partnerships, joint ventures, corporations, trusts, estates, public agencies, departments, bureaus and boards.

"Identify" means:

When used with respect to a person, to state the full names and present or last known address of each person, the present or last known position and business affiliation, and his positions and business affiliations at all times during the time period of these Interrogatories; or,

When used with respect to a document, to state its date, the type of document (e.g., letter, memorandum, telegram, chart, photograph, sound reproduction, etc.), the author and addressee, the present location and custodian, and a description of its contents.  In lieu of answering any Interrogatory requiring the identification of any document, the document may be made available to Plaintiff's counsel for inspection and copying pursuant to the Rules of Civil Procedure; provided that, at the time of production for inspection and copying, the particular documents being produced with respect to a particular Interrogatory are so identified.

Unless otherwise indicated, these requests refer to the time, place and circumstances of the occurrence mentioned or complained of in the Complaint.

Where the name or identity of a person, or persons, is requested, please state full name, home address, and also business or employment address.

Where knowledge or information or possession of a party or parties is requested, such request includes knowledge of the party's agents, representatives and its attorneys.

The pronoun "you" refers to the party to whom these requests are addressed, his or her agents, employees, and/or all other persons acting or purporting to act on behalf of Plaintiff, including but not limited to attorneys and agents.

## COLLATERAL SOURCE INTERROGATORIES

1.   State whether or not any amount has been paid to the Plaintiff or on her behalf by or pursuant to any of the following sources pursuant to Florida Statute § 768.50.

   a)   The United States Social Security Act (42 USCA § 301 et seq.)

   b)   Any federal, state, or local Income Disability Act.

   c)   Any other public programs providing medical expenses, disability payments or other similar benefits.

   d)   Any health, sickness, or income disability insurance.

   e)   Automobile accident insurance that provides health benefits or income disability coverage.

   f)   Any other similar insurance benefits except life insurance benefits available to the plaintiffs whether purchased by them or provided by others.

   g)   Any contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the costs of hospital, medical, dental, or other care services.

   h)   Any contractual or voluntary wage continuation plan provided by employers or any other system intended to provide wages during a period of disability.

2.     If the answer to any part of Question #1 is "Yes," then, describe, in detail the nature, source, and amount of payment including the address of the individual or organization making the payment.

3.     Have you submitted any of the bills or statements for medical services rendered to any insurance company or entity for reimbursement or payment?

4.     If the answer to the question above is "Yes," please state:

     a)     What insurance company or entity.

     b)     The amount of payment or reimbursement.

     c)     When such payment was received.

     d)     If no, when was the statement for services submitted?

     e)     If not paid, was there any reason given for non-payment?

5.   Please list all insurance which was paid to cover the medical, dental and hospital expenses.

6.   Please state whether the Plaintiff has executed a Release or covenant not to sue or not to enforce judgment as to any person or entity arising out of the incident made the basis of this suit.

7.   Please state the amount of the Plaintiff's medical bills written off by Plaintiff's medical providers and the name of the provider.

8.   Please state whether there are any liens by any of the Plaintiff's medical providers, health insurer(s) or any third party. If any such liens exist, please state the amount of the lien and the name of the lien holder.

X_____

STATE OF FLORIDA          )
               : ss
COUNTY OF                 )

The foregoing was acknowledged before me this        day of                , 2008 by
_____.

(  )   who is personally known to me, or
(  )   who has produced               as identification, and
        who (  ) did  (  ) did not take an oath.


_____
NOTARY PUBLIC, State of Florida

My Commission Expires:

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN
AND FOR PALM BEACH COUNTY,
FLORIDA

CASE NO.: 2008-CA-020923 (AO)

PAULINE WRIGHT,

      Plaintiff,

vs.

HOME DEPOT U.S.A., INC.

      Defendant.

_____/

## DEFENDANT'S REQUEST FOR ADMISSIONS TO PLAINTIFF, PAULINE WRIGHT

Defendant, HOME DEPOT U.S.A., INC. by and through its undersigned attorney, and in accordance with Fla.R.Civ.P. 1.370, hereby requests the Plaintiff, PAULINE WRIGHT to admit or deny the following:

1. You are seeking a judgment of $75,000 or less, exclusive of interest and costs.

2. Your total claimed damages, exclusive of interest and costs, amount to $75,000 or less.

3. The amount in controversy in this action is $75,000 or less.

4. You are entitled to receive medical payments coverage or other collateral source benefits as a result of the subject incident.

5. You have received medical payments coverage or other collateral source benefits as a result of the subject incident.

6. You sustained no permanent injuries as a result of the subject incident.

7. No medical provider has expressed a medical opinion that you have sustained a permanent injury as a result of the subject incident.

8. You received no permanent and/or significant scarring as a result of the subject incident.

9.    You were not gainfully employed at the time of the subject incident.

10.   You did not lose any wages or income as a result of the subject incident.

11.   Your earning capacity was not reduced or impaired as a result of the subject incident.

12.   Your ability to enjoy life has not been reduced as a result of the subject incident.

13.   You had been involved in one (1) or more motor vehicle incidents prior to the subject incident.

14.   You sustained significant and permanent injuries in said prior motor vehicle incident(s).

15.   You have been involved in one (1) or more motor vehicle incidents subsequent to the subject incident.

16.   You sustained significant and permanent injuries in said subsequent motor vehicle incident(s).

17.   You had been involved in one (1) or more slip and fall type or other non-motor vehicle incidents prior to the subject incident.

18.   You sustained significant and permanent injuries in the prior slip and fall type or other non-motor vehicle incident(s).

19.   You have been involved in one (1) or more slip and fall type or other non-motor vehicle incidents subsequent to the subject incident.

20.   You sustained significant and permanent injuries in the subsequent slip and fall type or other non-vehicle incident(s).

21.   Some or all of the injuries you are claiming damages for in this matter pre-existed the subject incident.

22.   You have a prior felony conviction.

23.   You have a prior conviction involving dishonesty or false statement.

24. You have turned down work you were physically able to perform since the date of the subject incident.

25. You are presently physically able to perform numerous light duty tasks.

26. Your current employer is willing to pay you as if you had not been injured.

27. Your normal faculties were impaired at the time of the subject incident.

28. You had been drinking alcohol within six (6) hours prior to the subject incident.

29. You had been taking drugs/medications within six (6) hours prior to the subject incident.

## CERTIFCATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail to:  Carlos A. Bodden, Esq., ELLIS, GED & BODDEN, P.A., 7171 North Federal Highway, Boca Raton, Florida 33487 on this _____ day of August, 2008.

HIGHTOWER & PARTNERS
330 Clematis Street, Suite 201
West Palm Beach, Florida 33401
(561) 833-2022 telephone
(561) 833-2140 facsimile

By:_____
CHRISTOPHER S. STRATTON, ESQ.
Florida Bar No.: 584401

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN
AND FOR PALM BEACH COUNTY,
FLORIDA

CASE NO.: 2008-CA-020923 (AO)

PAULINE WRIGHT,

     Plaintiff,

vs.

HOME DEPOT U.S.A., INC.

     Defendant.

_____/

## DEFENDANT'S REQUEST FOR PRODUCTION TO PLAINTIFF, PAULINE WRIGHT

Defendant, HOME DEPOT U.S.A, INC. by and through its undersigned attorney, hereby requests that Plaintiff, PAULINE WRIGHT, translate or prepare in reasonably useable form and produce those documents and items numerated and checked at the offices of the undersigned counsel and that the same be done within thirty (30) days in accordance with said Rule.

1. Complete Federal Income Tax Returns with all attached schedules and Forms (such as W-2 Forms) for the five years preceding the year of the incident which is the subject matter of this lawsuit.

2. Complete Federal Income Tax Returns with all attached schedules and forms for the year of the incident which is the subject matter of this lawsuit.

3. Complete Federal Income Tax Returns with all attached schedules and Forms for each of the years since the year of the incident which is the subject matter of this lawsuit.

4. Proof of all earned income and proof of all non-earned income for any year that a Federal Income Tax Return has not been filed.

5. Complete medical records of each physician that examined or treated the Plaintiff following the incident and which were made during the course of examining of treating the Plaintiff.

6. Complete copies of reports prepared by each physician that examined or treated the Plaintiff following the incident.

7. Complete hospital records following the incident pertaining to the Plaintiff.

8. All medical bills incurred as a result of the incident which is the subject matter of the litigation.

9 Any and all motor vehicle accident reports involving Plaintiff for the past ten (10) years.

10. Any and all medical records of the Plaintiff generated in the past ten (10) years.

11. Any and all MRI film, X-rays, or other diagnostic studies taken of Plaintiff in the past ten (10) years.

12. Any and all employment records of the Plaintiff for the past ten (10) years.

13. All photographs of the scene, of the Plaintiff's injuries, or of any item relevant to this case.

14. All photographs which the Plaintiff intends to place into evidence or use at trial.

15. All statements of the Defendant, including, but not limited to, statements taken from agents, servants, or employees of the Defendant.

16. All statements of the Plaintiff, including, but not limited to statements taken from agents, servants, or employees of the Plaintiff.

17 All statements which the Plaintiff intends to place into evidence or use at trial.

18.   All statements pertaining to issues in this litigation, the substantial equivalent of which cannot be obtained by the Defendant without undue hardship.

19.   All statements not produced in respond to the preceding three paragraphs.

20.   Bills, receipts, or other evidence of expenses incurred as a result of the incident which is the subject of this litigation.

21.   All documents supporting the claim for money damages in this lawsuit and not produced in response to the preceding paragraphs.

22.   A report of each person whom the Plaintiff expects to call as an expert witness at trial.

23.   As to each type of insurance in force in favor of the Plaintiff, including, but not limited to, medical insurance, hospitalization insurance, Medicare, Medicaid, disability insurance, medical payments insurance, personal injury protection, health insurance and accident insurance:

   a)   Copies of each such contract or policy;

   b)   The Identification Card of each such contract policy;

   c)   The Declaration Sheet of each such contract or policy;

   d)   Each and every application for benefits made by the Plaintiff(s) under any of the policies, whether pertaining to the incident which is the subject of this litigation or not; and

   e)   All records of payments, checks, check stubs, memos and correspondence relating to payments made under any of the policies referred to above.

24.   Executed Request for Social Security Earnings Information Form SSA-7050-F4 (attached).

25.   Copies of any and all photographs of the scene of the incident.

26.   Current color copy of driver's license.

27.   Copy of social security card.

28.   Current color photograph of Plaintiff.

29.   Copy of any and all health insurance cards for the past ten (10) years.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail to: Carlos A. Bodden, Esq., ELLIS, GED & BODDEN, P.A., 7171 North Federal Highway, Boca Raton, Florida 33487 on this ___ day of August, 2008.

HIGHTOWER & PARTNERS
330 Clematis Street, Suite 201
West Palm Beach, Florida 33401
(561) 833-2022 telephone
(561) 833-2140 facsimile

By: _____
CHRISTOPHER S. STRATTON, ESQ.
Florida Bar No.: 584401

## REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

1. From whose record do you need the earnings information?

Print the Name, Social Security Number (SSN), and date of birth below.

Name **Pauline Wright**

Social Security Number _____

Other Name(s) Used (Include Maiden Name) _____

Date of Birth (Mo/Day/Yr) _____

2. What kind of information do you need?

[X] **Detailed Earnings Information**
(If you check this block, tell us below why you need this information.)

For the period(s)/year(s): **1980 - present**

*Litigation - Pauline Wright v. Home Depot U.S.A Inc. Palm Beach County Case NO# 2008-CA-020923 (AO)*

[ ] **Certified Total Earnings For Each Year.**
(Check this box only if you want the information certified. Otherwise, call 1-800-772-1213 to request Form SSA-7004, Request for Earnings and Benefit Estimate Statement)

For the year(s): _____

3. If you owe us a fee for this detailed earnings information, enter the amount due using the chart on page 3 . . . . . . . . . . . . . . . . . A. $ _____

Do you want us to certify the information?     [ ] Yes   [ ] No

If yes, enter $15.00 . . . . . . . . . . . . . . . . . B. $ _____

ADD the amounts on lines A and B, and enter the TOTAL amount . . . . . . . . . . . . . . . . . C. $ _____

- You can pay by CREDIT CARD by completing and returning the form on page 4, or
- Send your CHECK or MONEY ORDER for the amount on line C with the request and make check or money order payble to "Social Security Administration"
- DO NOT SEND CASH.

4. I am the individual to whom the record pertains (or a person who is authorized to sign on behalf of that individual). I understand that any false representation to knowingly and willfully obtain information from Social Security records is punishable by a fine of not more than $5,000 or one year in prison.

SIGN your name here (Do not print)  > _____     Date _____

Daytime Phone Number _____
(Area Code)  (Telephone Number)

5. Tell us where you want the information sent. (Please print)

Name *Hightower + Partners* Address: *330 Clematis Street, Ste 201*

City, State & Zip Code *West Palm Beach, FL 33401*

6. Mail Completed Form(s) To:

| | **Exception:** If using private contractor (e.g., FedEx) to mail form(s), use: |
|---|---|
| Social Security Administration<br>Division of Earnings Record Operations<br>P.O. Box 33003<br>Baltimore Maryland  21290-3003 | Social Security Administration<br>Division of Earnings Record Operations<br>300 N. Greene St.<br>Baltimore Maryland  21290-0300 |

Form SSA-7050-F4 (1-2004) EF (01-2004)                    2

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN
AND FOR PALM BEACH COUNTY,
FLORIDA

PAULINE WRIGHT,,

        Plaintiff,           CASE NO.: 2008-CA-020923 (AO)

vs.

HOME DEPOT U.S.A., INC.,

        Defendant(s).

_____/

## PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

COMES NOW the Plaintiff, PAULINE WRIGHT,, by and through her undersigned

counsel, and moves to Strike the 8th and 9th Affirmative Defenses stated in the Defendant's,

HOME DEPOT U.S.A., INC., Answer and Affirmative Defenses, to Plaintiff's Complaint and

as grounds therefore states:

    1.    The affirmative defenses are procedurally improper.

    2.    The affirmative defenses merely contain denials of the plaintiff proof or

sufficiency of the Plaintiff's allegations.

    3.    The affirmative defenses as framed do not constitute matters of avoidance.

    4.    They are insufficient, vague and conclusory so that it is impossible to frame

any responsive pleading.

    5.    The affirmative defenses allege no ultimate facts that would support any

affirmative defenses recognized under the law.

## MEMORANDUM OF LAW

Florida has been and continues to be a notice pleading state. Florida Rule of Civil

Procedure 1.110(b) only requires that a pleading contain a "short and plain statement of

-1-

ultimate facts". Ultimate facts are the final resulting facts, reached by the process of logical reasoning from detailed probative facts. Ultimate issuable facts only, as distinguished from evidentiary facts and conclusions of law are what must be plead. This has long been and continues to be the law of Florida. **_Ingram-Dekle Lbr. Co., vs Geiger_**, 71 So. 552 (Fla. 1916); **_Barton vs Moline Properties_**, 164 So. 551 (Fla. 1935); **_Meadary v Dalman_**, 69 So.2d 888 (Fla. 1954); **_Williams vs Guyton_**, 167 So.2d 7 (Fla. 3rd DCA 1964) cert. Den. 168 So 2d 751 (Fla. 1964).

However, the allegations of the 8th and 9th affirmative defenses in this case do not meet the requirement of ultimate facts. There is a nothing in the 8th and 9th affirmative defenses that would permit the Plaintiff to know what facts as opposed to theory and conjecture the defense relies upon. The notice pleading rule does not mean that the defense may merely allege affirmative defenses simply by naming the affirmative defense and alleging no facts specific to this case. Plaintiff is entitled to have ultimate facts plead before framing any reply to the affirmative defenses. Without the ultimate facts Plaintiff will be unable to frame any reply that may be required under the facts as alleged by the defense.

Even if the court does not find that the 8th and 9th affirmative defenses should be stricken or dismissed the Plaintiff is at a minimum entitled to have the Defendant clarify its affirmative defenses pursuant to Rule 1.1.40(e). When pleadings are sufficient to state a cause of action a party may nevertheless be entitled to seek clarification by way of a motion for more definite statement under Rule 1.140(e). **_Feller vs Eau Gallie Yatch_**, 397 So.2d 1155 (Fla. 5th DCA 1981). This is also true even if the allegations contain sufficient

particularity to overcome a motion to dismiss under Rule 1.120(b). ***Manka vs Defranco's Inc***., 575 So.2d 1357 (Fla. 1st DCA 1991).   Thus, the Plaintiff in this case is entitled to have the basis of the 8th and 9th affirmative defenses clarified.

Finally, Plaintiff moves to strike the 8th and 9th affirmative defenses filed by the Defendant in this matter.  These affirmative defenses, are completely inapplicable to the facts alleged in the Plaintiff's complaints and cannot constitute affirmative defenses of any kind in a suit for No Fault benefits.  These are not matters of avoidance.  It is procedurally incorrect to add motions to dismiss or attach the Plaintiff's allegations under the guise of affirmative defenses.

**WHEREFORE,** Plaintiff requests the courts order granting the motion to strike or dismiss the 8th and 9th affirmative defenses, of  Defendant's Answer to the Complaint and Affirmative Defenses, as the court may find them inapplicable to the Plaintiff's cause of action or, in the alternative, requiring Defendants to give a more definite statement of said affirmative defenses.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail to: CHRISTOPHER S. STRATTON, ESQUIRE, HIGHTOWER & PARTNERS, 330 Clematis Street, Suite 201, West Palm Beach, FL 33401, on this *21 st* day of August, 2008.

ELLIS,GED & BODDEN, P.A.
*Attorneys for Plaintiff*
7171 North Federal Highway
Boca Raton, Florida 33487
Telephone  (561) 995-1966
Facsimile    (561) 241-0812

By:

Carlos A. Bodden
Florida Bar No.: 093343

-4-

FLORIDA DEPARTMENT OF STATE
DIVISION OF CORPORATIONS

| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |
|------|-----------|-------------------|-------------------|-------|------|

**Previous on List**   **Next on List**   **Return To List**

No Events      No Name History

Entity Name Search

# Detail by Entity Name

## Foreign Profit Corporation

HOME DEPOT U.S.A., INC.

## Filing Information

**Document Number** P25953
**FEI Number**       581853319
**Date Filed**       09/08/1989
**State**            DE
**Status**           ACTIVE

## Principal Address

2455 PACES FERRY ROAD
C-20
ATLANTA GA 30339-4024

Changed 02/04/2008

## Mailing Address

2455 PACES FERRY ROAD
C-20
ATLANTA GA 30339-4024

Changed 02/20/2002

## Registered Agent Name & Address

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE FL 32301-2525 US

Name Changed: 07/25/2006

Address Changed: 07/25/2006

## Officer/Director Detail

**Name & Address**

Title CEO

BLAKE, FRANCIS S
2455 PACES FERRY ROAD
ATLANTA GA

Title AS

GOTTSEGEN, JONATHAN M
2455 PACES FERRY ROAD
ATLANTA GA 30339

Title AS



EXHIBIT "C"

FADELL, RITA L
2455 PACES FERRY ROAD
ATLANTA GA 30339

Title DVPT

TOME, CAROL B
2455 PACES FERRY RD.
ATLANTA GA 30339

Title DVPS

VANWOERKOM, JACK A
2455 PACES FERRY RD
ATLANTA GA 30339

Title D

RAINES, JULIAN P
2455 PACES FERRY ROAD
ATLANTA GA 30339

## Annual Reports

| Report Year | Filed Date |
|-------------|------------|
| 2006 | 04/03/2006 |
| 2007 | 01/31/2007 |
| 2008 | 02/04/2008 |

## Document Images

| | |
|---|---|
| 02/04/2008 – ANNUAL REPORT | **View image in PDF format** |
| 01/31/2007 – ANNUAL REPORT | **View image in PDF format** |
| 07/25/2006 – Reg. Agent Change | **View image in PDF format** |
| 04/03/2006 – ANNUAL REPORT | **View image in PDF format** |
| 07/18/2005 – ANNUAL REPORT | **View image in PDF format** |
| 06/09/2004 – ANNUAL REPORT | **View image in PDF format** |
| 01/27/2003 – ANNUAL REPORT | **View image in PDF format** |
| 02/20/2002 – ANNUAL REPORT | **View image in PDF format** |
| 08/07/2001 – ANNUAL REPORT | **View image in PDF format** |
| 02/02/2000 – ANNUAL REPORT | **View image in PDF format** |
| 02/24/1999 – ANNUAL REPORT | **View image in PDF format** |
| 04/08/1998 – ANNUAL REPORT | **View image in PDF format** |
| 04/25/1997 – ANNUAL REPORT | **View image in PDF format** |
| 05/01/1996 – ANNUAL REPORT | **View image in PDF format** |
| 02/06/1995 – ANNUAL REPORT | **View image in PDF format** |

**Note:** This is not official record. See documents if question or conflict.

**Previous on List**   **Next on List**   **Return To List**

**No Events**   **No Name History**

**Entity Name Search**

Department of Health ◆ Vital Statistics
## STATE OF FLORIDA
## MARRIAGE RECORD
TYPE IN UPPER CASE
USE BLACK INK
This license not valid unless seal of Clerk,
Circuit or County Court, appears thereon.

2007MLM002052
(APPLICATION NUMBER)

(STATE FILE NUMBER)

CFN 20070336831
OR BK 21929 PG 1530
RECORDED 07/12/2007 15:58:07
Palm Beach County, Florida
Sharon R. Bock,CLERK & COMPTROLLER
Pg 1530; (1pg)

## APPLICATION TO MARRY

| 1. GROOM'S NAME (First, Middle, Last) HERBERT JAMES PARKIN | | | 2. DATE OF BIRTH (Month, Day, Year) DEC-18-1924 |
|---|---|---|---|
| 3a. RESIDENCE - CITY, TOWN, OR LOCATION LAKE WORTH | 3b. COUNTY PALM BEACH | 3c. STATE FL | 4. BIRTHPLACE (State or Foreign Country) JAMAICA |
| 5a. BRIDE'S NAME (First, Middle, Last) PAULINE ELAINE WRIGHT | 5b. MAIDEN SURNAME (If different) SITCHERAN | | 6. DATE OF BIRTH (Month, Day, Year) NOV-16-1963 |
| 7a. RESIDENCE - CITY, TOWN, OR LOCATION LAKE WORTH | 7b. COUNTY PALM BEACH | 7c. STATE FL | 8. BIRTHPLACE (State or Foreign Country) JAMAICA |

WE THE APPLICANTS NAMED IN THIS CERTIFICATE, EACH FOR HIMSELF OR HERSELF, STATE THAT THE INFORMATION PROVIDED ON THIS RECORD IS CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF, THAT NO LEGAL OBJECTION TO THE MARRIAGE NOR THE ISSUANCE OF A LICENSE TO AUTHORIZE THE SAME IS KNOWN TO US AND HEREBY APPLY FOR LICENSE TO MARRY.

| 9. SIGNATURE OF GROOM (Sign full name using black ink) | 10. SUBSCRIBED AND SWORN TO BEFORE ME ON (DATE) JUL-06-2007 |
|---|---|
| 11. TITLE OF OFFICIAL Deputy Clerk | 12. SIGNATURE OF OFFICIAL (Use black ink) |
| 13. SIGNATURE OF BRIDE (Sign full name using black ink) | 14. SUBSCRIBED AND SWORN TO BEFORE ME ON (DATE) JUL-06-2007 |
| 15. TITLE OF OFFICIAL Deputy Clerk | 16. SIGNATURE OF OFFICIAL (Use black ink) |

## LICENSE TO MARRY

AUTHORIZATION AND LICENSE IS HEREBY GIVEN TO ANY PERSON DULY AUTHORIZED BY THE LAWS OF THE STATE OF FLORIDA TO PERFORM A MARRIAGE CEREMONY WITH IN THE STATE OF FLORIDA AND TO SOLEMNIZE THE MARRIAGE OF THE ABOVE NAMED PERSONS. THIS LICENSE MUST BE USED ON OR AFTER THE EFFECTIVE DATE AND ON OR BEFORE THE EXPIRATION DATE IN THE STATE OF FLORIDA IN ORDER TO BE RECORDED AND VALID.

| 17. COUNTY ISSUING LICENSE Palm Beach County | 18. DATE LICENSE ISSUED JUL-06-2007 | 18a. DATE LICENSE EFFECTIVE JUL-09-2007 | 19. EXPIRATION DATE SEP-04-2007 |
|---|---|---|---|
| 20a. SIGNATURE OF COURT CLERK OR JUDGE | 20b. TITLE Clerk of Court | | 20c. BY D.C. mm |

## CERTIFICATE OF MARRIAGE

I HEREBY CERTIFY THAT THE ABOVE NAMED GROOM AND BRIDE WERE JOINED BY ME IN MARRIAGE IN ACCORDANCE WITH THE LAWS OF THE STATE OF FLORIDA.

| 21. DATE OF MARRIAGE (Month, Day, Year) July 11, 2007 | 22. CITY, TOWN, OR LOCATION OF MARRIAGE West Palm Beach |
|---|---|
| 23. SIGNATURE OF PERSON PERFORMING CEREMONY (Use black ink) | 23c. ADDRESS (Of person performing ceremony) 205 N DIXIE HWY WPB FL 33401 |
| 24. NAME AND TITLE OF PERSON PERFORMING CEREMONY (or notary stamp) ALICIA WAGNER Deputy Clerk | 24. SIGNATURE OF WITNESS TO CEREMONY (Use black ink) |
| | 25. SIGNATURE OF WITNESS TO CEREMONY (Use black ink) |

Book21929/Page1530

Page 1 of 1

EXHIBIT "D"

Palm Beach County Property ‿raiser Property Search System                    Page 1 of 2



## Property Information

**Location Address:** 9066 SILVER GLEN WAY

**Municipality:** UNINCORPORATED

**Parcel Control Number:** 00-42-44-30-09-001-0430

**Subdivision:** CITRUS ISLE PUD

**Official Records Book:** 21066   **Page:** 1568   **Sale Date:** Oct-2006

**Legal Description:** CITRUS ISLE PUD LT 43 BLK A

View Map

Calculate Portability

Proposed Tax Notice

Reverse Side

## Owner Information

**Name:** PARKIN HERBERT

**Mailing Address:** 9066 SILVER GLEN WAY
LAKE WORTH FL 33467 4795

All Owners

## Sales Information

| Sales Date | Book/Page | Price | Sale Type | Owner |
|---|---|---|---|---|
| Oct-2006 | 21066/1568 | $10 | QUIT CLAIM | PARKIN HERBERT |
| Sep-2003 | 16064/1851 | $282,383 | WARRANTY DEED | PARKIN HERBERT |
| Sep-2002 | 14169/1968 | $5,194,000 | WARRANTY DEED | CONTINENTAL HOMES OF FLORIDA INC |

## Exemptions

**Regular Homestead:** $25,000          **Year of Exemption:** 2008

**Additional Homestead:** $25,000

**Total:** $50,000

## Appraisals

| Tax Year: | 2008 P | 2007 | 2006 |
|---|---|---|---|
| Improvement Value: | $331,358 | $407,000 | $407,000 |
| Land Value: | $0 | $0 | $0 |
| Total Market Value: | $331,358 | $407,000 | $407,000 |

**Use Code:** 0430     **Description: RESIDENTIAL**

\* in residential properties may indicate living area.

### Property Information
**\*Total Square Feet:** 2681
**Acres:** 0.14

**P = Preliminary Values**

## Assessed and Taxable Values

| Tax Year: | 2008 P | 2007 | 2006 |
|---|---|---|---|
| Assessed Value: | $263,211 | $255,545 | $249,312 |
| Exemption Amount: | $50,000 | $25,000 | $25,000 |
| Taxable Value: | $213,211 | $230,545 | $224,312 |

Structure Detail



Palm Beach County Property ⌢ raiser Property Search System                                   Page 2 of 2

**Tax Values**

| Tax Year: | 2008 P | 2007 | 2006 |
|---|---|---|---|
| Ad Valorem: | $3,799 | $3,871 | $4,095 |
| Non Ad Valorem: | $369 | $248 | $287 |
| Total Tax: | $4,168 | $4,119 | $4,382 |

Tax Calculator

Details

**Tax Collector WebSite**

NOTE: Lower the top and bottom margins to 0.25 on File->Page Setup menu option in the browser to print the detail on one page.



# Ellis, Ged&Bodden P.A.
### ATTORNEYS AT LAW

Ronda L. Ellis.*
Charles Glen Ged*†
Carlos A. Bodden**
Marc L. Bebergal **
Marius J. Ged †
J. Albert Johnson, Of Counsel*

Brian G. Becker**o
Chad L. Christenson**
Lawrence U.W. Chandler***o
John F. Billera+**o
Victor R. Guzman †**

*Also Admitted in Massachusetts
†Also Admitted in New Jersey
**Also Admitted in US District Court
+ Also Admitted in Louisiana
††Also Admitted in New York
***Also Admitted in North Carolina
o Also Admitted in U.S. Court of Appeals, 11th Circuit

7171 NORTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA 33487

Telephone: (561) 995-1966
Fax: (561) 241-0812

April 9, 2008

Via Certified US Mail 7007 3020 0000 4527 0717
Ms. Jessica Jones
Sedgwick Claims Management Services, Inc.
P.O. Box 14451
Lexington, KY  40512-4451
07-04180

Re:      Our Client :        **Pauline Wright**
         Your Insured :      **The Home Depot U.S.A., Inc.**
         Date of Loss :      **7/21/2007**
         Claim No.:          **20070744985**

Dear Ms. Jones:

Please accept the following as our offer for settlement on behalf of our client, Pauline Wright, for personal injuries sustained as a result of a motor vehicle accident on July 21, 2007.

## I.   LIABILITY

On July 21, 2007, our client, Pauline Wright was entering the main entrance of the Lake Worth Home Depot when she slipped and fell due to the rain on the ground at the entrance. Ms. Wright sustained multiple bodily injuries as a result of the negligence occurred on your insured's premises.



# II.  MEDICAL SUMMARY

## A.   JACK CACIC & COMPANY, INC.

On July 23, 2007, Pauline Wright went to Dr. Jack Cacic and was complaining of the following ailments : lower back pain, right knee and right ankle pain.

Pauline Wright was placed on a program of physical therapy. She was referred out to an orthopedic specialist for follow up.

**Based on examination and diagnostic findings, Dr. Jack Cacic placed Pauline Wright at Maximum Medical Improvement on 9/18/2008, with a Permanent Impairment of 10% Whole Person, utilizing the Guides to Impairment, 4th Edition, AMA Guides.**

Dr. Cacic noted in the final report on Pauline Wright's future medical treatment : the patient may suffer exacerbations of pain in the future and will require additional therapy. The estimated coast of the future treatments will include a follow up care over the course of one year, including twelve treatment visits at a cost of $3, 250.00, re-examination at six month intervals at a cost of $400.00 I the patient's condition shows a frequent or significant exacerbation of symptoms then additional diagnostic testing such as x-ray or MRI study would be warranted at a cost of $500.00 - $1,500.00. Due to the permanent nature of this patient's condition such care should be extrapolated over a five-year period.

A copy of Pauline Wright's medical records and bills have been enclosed for your review. (See attached Exhibit A).

## B.   JEFFREY L. KATZELL, M.D., P.A.

At the request of Dr. Cacic, Pauline Wright sought an orthopedic evaluation.   On September 13, 2007, Pauline Wright was evaluated by Dr. Jeffrey L. Katzell.

Dr. Katzell noted in the initial report the following impression:
There is a BULGING DISC AT L3-4, A herniated disc with annular tears at L4-5 and L5-S1 with radiculopathy and flattening of the lordosis consistent with muscle spasm. There is also internal derangement of the knee and a posterior tibial tendon injury of the right ankle.

Ms. Wright was referred for right knee and right ankle MRIs. She was also referred out for consultation with Dr. Marc Metzger and for epidural injection therapy.

**Based on examination and diagnostic findings, Dr. Katzell placed Pauline Wright at Maximum Medical Improvement on January 28, 2008, with a Permanent Impairment of 10% Whole Person, utilizing the Guides to Impairment, 5th Edition, AMA Guides.**

Dr. Katzell noted in his final report on Pauline Wright's future medical treatment : Ms. Wright has an indication for the discogram, at projected cost of $7,500.00 and potential discectomy at projected cost of $30,000.00.

A copy of Pauline Wright's medical records and bills have been enclosed for your review. (See attached Exhibit B).

## C.   THE IMAGING CENTER OF WEST PALM BEACH

On September 18, 2007, Pauline Wright underwent an MRIs to the right ankle, right knee and lumbar spine.

The following impressions were noted:

### *Right Ankle*:

DIFFUSE SOFT TISSUE SWELLING. EDEMA WITHIN CALCANEUS CONSISTENT WITH CONTUSION. TIBIOTALAR JOINT EFFUSION. TYPE II SIGNAL WITH TENOSYNOVITIS OF THE POSTERIOR TIBIAL TENDON.

### *Right Knee*:

CHONDROMALACIA PATELLA. LATERAL PATELLAR SUBLUXATION WITH SHALLOW FEMORAL NOTCH. SUPRAPATELLAR JOINT EFFUSION. TYPE I SIGNAL MEDIAL AND LATERAL MENISCUS. PARTIAL TEAR VS. TENDINOPTHY.

### *Lumbar Spine:*

BULGING DISKS, L3/L4, L4/L5 & L5/S1 LEVELS; POSTERIOR ANNULAR TEAR, L4 LEVEL.

A copy of Pauline Wright's MRI reports, MRI films and bill has been enclosed for your review.  (See attached Exhibit C).

## D.   ADVANCED ORTHOPEDICS OF SOUTH FLORIDA

At the request of Dr. Jeffrey Katzell, Pauline Wright was evaluated by Dr. Mark Metzger on September 13, 2007.

Dr. Metzger noted in the initial report the following assessment : the patient has tenderness to palpation across the front of the right ankle joint and over the medial and lateral ankle joints ligaments.

Ms. Wright was recommended to continue the therapy, and she was recommended to wear an air cast ankle brace for a few weeks.

Ms. Wright was pla⬤d on a program of steroid inject⬤s for her right ankle joints.

A copy of Pauline Wright's medical records and bills have been enclosed for your review. (See attached Exhibit D).

### E.    LAKE WORTH PAIN CENTER/CHRISTINE A. KLEPP, M.D.

At the request of Dr. Katzell, Pauline Wright was evaluated by Dr. Christine A. Klepp on September 13, 2007.

Dr. Christine Klepp has recommended to Ms. Wright a series of caudal epidural steroid injections for lumbar spine.

Ms. Wright had the epidural steroid injections done by Dr. Christine L. Klepp at Lake Worth Surgical Center on 9/21/07 & 10/29/07.

A copy of Pauline Wright's medical records and bills have been enclosed for your review. (See attached Exhibit E).

## III.   MEDICAL SPECIALS

| Provider | Amt. Billed | Amt. Paid | Balance |
|---|---|---|---|
| 1. Jack Cacic & Company, Inc. | $4,392.00 | $0.00 | $4,392.00 |
| 2. Jeffrey L. Katzell, M.D. | $1,200.00 | $0.00 | $1,200.00 |
| 3. The Imaging Center | $5,100.00 | $0.00 | $5,100.00 |
| 4. Mark Metzger, M.S. | $1,828.00 | $0.00 | $1,828.00 |
| 5. Chiropractic Radiology | $450.00 | $0.00 | $450.00 |
| 6. Lake Worth Pain Center | $3,244.00 | $0.00 | $3,244.00 |
| **TOTALS** | $16, 214.00 | $0.00 | $16,214.00 |

## IV.   OFFER TO SETTLE

Please note, that as a result of the injuries sustained in this accident Ms. Wright incurred out of pocket expenses of $5,325.00 for transportation, gas, mileage and household help from the accident date until November of 2007. (A copies of receipts enclosed).

Ms. Wright is unable to go up and down the stairs, she can't walk for a long time and she is suffering pain and discomfort on a daily basis.

Due to the severity of the injuries, we are offering to resolve this matter for $250,000.00. Please be advised that this offer will remain open until 5:00 pm on May 14, 2008. Should you not tender the check by that date we will retract our offer to settle and commence litigation.

Very truly yours,

Carlos A. Bodden

CAB/yg
07-04180

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

AUGUST 27, 2008

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)  **NOTICE: Attorneys MUST Indicate All Re-filed**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

ELECTRONIC
FILED by ___ D.C.

## I. (a) PLAINTIFFS

PAULINE WRIGHT

## DEFENDANTS

HOME DEPOT U.S.A., INC.

**(b)** County of Residence of First Listed Plaintiff  Palm Beach County, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Cobb County, GA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Ellis, Ged & Bodden, 7171 N. Federal Hwy., Boca Raton, FL 33487
(561) 995-1966

Attorneys (If Known)

Hightower & Partners, 330 Clematis St. #201, West Palm Beach, FL 33401 (561) 833-2022

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☑ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

08CV80945 DTKH / JWH

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):  a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO

JUDGE ___    DOCKET NUMBER ___

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 USC 1332; 1441 -- Premises liability / Negligence action regarding slip and fall at a Home Depot store.

LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 250,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
s/

DATE 08/27/08

FOR OFFICE USE ONLY

AMOUNT  350°°    RECEIPT # ___    IFP ___

724657