UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 08-80945-CIV-HURLEY/HOPKINS

PAULINE WRIGHT,

    Plaintiff,

vs.

HOME DEPOT U.S.A., INC.

    Defendant.

_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

The Plaintiff, PAULINE WRIGHT, by and through undersigned counsel, hereby files her Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion to Remand [D.E. 6], and in support thereof states as follows:

1. Defendant alleges in its Memorandum in Opposition to Plaintiff's Motion to Remand, at page 2, paragraph 4, that "this Honorable Court is free to consider the pre-suit demand made by the Plaintiff in determining the amount in controversy, along with the Plaintiff's underlying economic damages and the various damages alleged in the Plaintiff's Complaint."

2. Defendant fails to advise this Honorable Court that said consideration is no longer "free", but rather has been recently narrowed by the Eleventh Circuit Court of Appeals in *Lowery v. Alabama Power Company,* 483 F.3d 1184 (11th Cir.2007).

**MEMORANDUM IN REPLY**

"[T]he day of the knee-jerk removal of diversity tort cases from state to federal court within the three states comprising the Eleventh Circuit came to an end on April 11, 2007, when *Lowery v. Alabama Power Company,* 483 F.3d 1184 (11th Cir.2007), was decided. 'Circumspection' and 'compunction' will be the future watchwords for diversity removing defendants in the Eleventh Circuit, except in the few cases which begin with a state court complaint with an *ad damnum* clause praying for more than $75,000." *Constant v. International House of Pancakes, Inc.,* 478 F.Supp.2d 1308, 1309 (N.D. Ala. 2007).

In *Lowery,* the Eleventh Circuit "recently narrowed the scope of evidence a court may consider in its jurisdictional inquiry when there is a motion to remand filed with in 30 days of removal of a diversity case." *Spivey v. Fred's Inc.,* 554 F.Supp. 1271, 1274 (M.D. Ala. 2008). [1]

The Eleventh Circuit in *Lowery* held:

> Thus, under Section 1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff--be it the initial complaint or a later received paper--and determines whether that document and the notice of removal unambiguously establish federal jurisdiction. This inquiry is at the heart of a case, such as the one before us, in which the plaintiffs challenge removal by filing a timely motion to remand under Section 1447(c). In assessing whether removal was proper in such a case, the district court has before it <u>only the limited universe of evidence available when the motion to remand is filed</u> -- i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, <u>neither the defendants nor the court may speculate in an attempt to make up for the notice's failings</u>.

---

[1] **Error! Main Document Only.**Although *Lowery* itself involved the Class Action Fairness Act ("CAFA"), it interprets general removal statutes and has been applied by courts outside of the CAFA context. *See, e.g., Bankhead v. Am. Suzuki Motor Corp.,* 529 F.Supp.2d 1329 (M.D.Ala.2008).

> *See Lindsey v. Ala. Tel. Co.,* 576 F.2d 593, 595 (5th Cir. 1978) (holding that, where a complaint did not specify the number of plaintiffs in a class action, it was not open to the defendants or the court to speculate that the class was small enough to establish the minimum amount in controversy). <u>The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars</u>.

*Lowery*, 483 F.3d at 1213-1214 [emphasis added].

Defendant not only fails to cite this Court to the controlling precedent of *Lowrey,* but also fails to mention the adverse decision in *Williamson v. Home Depot USA, Inc.,* 2008 WL 2262044, *2 (S.D. Fla., May 30, 2008, Cook, J.), in which this Court held: "To show that it is facially apparent that the damages exceed the jurisdictional minimum, it is insufficient to rely on the severity of the injuries alleged." *Id.* (citing *Beal v. La Quinta Inns, Inc.,* 2007 WL 1577826, at *2 (M.D. Fla. 2007)).

Moreover, the exception to *Lowery* that the Court may consider "post-removal evidence" is inapplicable to a demand letter provided to Defendant <u>before</u> a case is removed. *Dougherty,* 2008 WL 2439667, *3, fn. 6. Rather, *Lowery* mandates that the removal documents must "unambiguously establish federal jurisdiction. 483 F.3d at 1213. The Court must remand unless the jurisdictional amount "is either stated clearly on the face of the documents before the court, or readily deducible from them." A pre-litigation demand is not "unambiguous" proof of the amount in controversy.

All of the authorities cited by Defendant are pre-*Lowery* and are therefore distinguishable. Further, Defendant had a duty to inform this Court of the Eleventh Circuit's decision in *Lowery* and either distinguish the controlling precedent or seek an extension or new interpretation of the law. Defendant's citation of all pre-*Lowery*

case law and the failure to cite this Court to *Lowery* appears to have violated Rule 11 of the Federal Rules of Civil Procedure. *See Jorgenson v. Volusia County,* 625 F.Supp. 1543 (M.D.Fla. 1986) (*aff'd after remand* at 846 F.2d 1350 (11th Cir. 1988) (the duty of candor is a necessary corollary of the certification required by Rule 11. A court has a right to expect that counsel will state the controlling law fairly and fully; indeed, unless that is done the court cannot perform its task properly. A lawyer must not misstate the law, fail to disclose adverse authority (not disclosed by his opponent), or omit facts critical to the application of the rule of law relied on.)

Plaintiff's Motion to Remand should be Granted and this matter should be returned to Florida State Court based on lack of diversity jurisdiction.

Date: October 8, 2008

Respectfully submitted,
ELLIS, GED & BODDEN, P.A.
7171 North Federal Highway
Boca Raton, FL 33487
(561) 995-1966
(561) 241-0812 (Fax)
Attorneys for Plaintiff
 **s/*John F. Billera, Esq.***
John F. Billera, Esq.
Florida Bar # 869041

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 08-80945-CIV-HURLEY/HOPKINS

PAULINE WRIGHT,

    Plaintiff,

vs.

HOME DEPOT U.S.A., INC.

    Defendant.
_____/

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on **October 8, 2008**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    By: **s/John F. Billera, Esq.**
          JOHN F. BILLERA
          Fla. Bar No.: 0869041

## SERVICE LIST
PAULINE WRIGHT v. HOME DEPOT U.S.A., INC.
CASE NO: 08-80945-CIV-HURLEY/HOPKINS
United States District Court, Southern District of Florida

**JOHN F. BILLERA, ESQ.**
Florida Bar No.: 869041
ELLIS, GED & BODDEN, P.A.
*Attorneys for Plaintiff PAULINE WRIGHT*
7171 North Federal Highway
Boca Raton, Florida   33487
Telephone: (561) 995-1966
Facsimile: (516) 241-0812
jbillera@ellisandged.com

**Christopher Scott Stratton**
Hightower & Partners
*Attorneys for Defendant HOME DEPOT U.S.A., INC.*
330 Clematis Street
Suite 201
West Palm Beach , FL 33401
561-833-2022
Fax: 561-833-2140
Email: cstratton@hightowerlaw.net


[Service via CM/ECF Notice of Electronic Filing and via U.S. Mail]